UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANDREW PAUL MADRID | : | DOCKET NO. 19-cv-686 |
| VERSUS | : | CHIEF JUDGE HICKS |
| LINDSEY MICHELLE FONTENTOT, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is an original [doc. 1] and amended complaint [doc. 44] filed by pro se plaintiff Andrew Paul Madrid, who is proceeding *in forma pauperis* in this matter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B) and pursuant to Federal Rule of Civil Procedure 8(a)(1) and (2).

**I.
BACKGROUND**

Plaintiff filed the instant complaint on May 29, 2019, alleging various violations of his constitutional rights. Doc. 1. He was given leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Doc. 6. This statute imposes a screening responsibility on the court to dismiss the complaint without service of process when the court makes a determination that the complaint is frivolous, fails to state a claim, or seeks monetary relief against someone immune from such relief. The Court initially denied plaintiff's request for service of the complaint as the matter was under

initial review. Doc. 7. Summons was nevertheless and inadvertently issued. Doc. 9. At that point, the undersigned ordered that no defendant file responsive pleadings until such time as Plaintiff filed an amended complaint to address multiple deficiencies in his complaint and the complaint underwent initial review. Doc. 43.

On June 2, 2020, Plaintiff sought and was granted leave to file his amended complaint, which is in excess of the twenty (20) pages he was allowed. Doc. 44. This matter is now ripe for initial review.

## II.
### LAW & ANALYSIS

#### A. *The Pleading*

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference the defendant is liable for the misconduct alleged." *Id*.

Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. 1965 (*citing Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. 1950 (quoting Fed.

R. Civ. P. 8(a)(2)). Further, when a plaintiff is proceeding in forma pauperis, the court shall dismiss a case at any time if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).

The pleading of a pro se plaintiff is to be liberally construed and is held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (*quoting Estelle v. Gamble*, 97 S. Ct. 285, 261 (1976)). Nevertheless, even with pro se litigants, "conclusory allegations or legal conclusions masquerading as factual conclusions," are not sufficient for a well-pled complaint. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (*quoting S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

### B. Analysis

Plaintiff was alerted to the deficiencies in his original forty-nine page complaint, specifically that the Court was unable to discern many facts at all, much less what facts support any particular claim, nor was it able to discern the legal basis for a claim or what remedy was sought from any particular defendant. Doc. 43. Plaintiff was given the opportunity to amend:

> Plaintiff is instructed to review the Federal Rules of Civil Procedure, particularly Rule 8(a) that requires the complaint contain (a) a short and plain statement of the grounds for our jurisdiction, (2) a short and plain statement of the claim showing that he is entitled to relief, and (3) a demand for the relief sought. Plaintiff is further instructed to adhere to the mandates of Rule 10(b) that requires claims be stated in numbered paragraphs limited to "a single set of circumstances." Finally plaintiff's complaint is to be no more than twenty (20) pages in length unless he applies for a receives court authority to exceed that amount.

*Id*. at p. 2.

The amended complaint filed by Plaintiff failed to comply with this Court's Order. First, while the crux of Plaintiff's allegations stems from a domestic matter in the 33rd Judicial District

Court, the statement of jurisdictional basis consists of a disjointed list of varied and unrelated statutory and jurisprudential authority in an attempt to assert federal question jurisdiction, but failed to assert any real constitutional arguments. When a plaintiff's complaint is facially frivolous and insubstantial, it is insufficient to invoke the jurisdiction of a federal court. *Dilworth v. Dallas County Community College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996).

Next, he did not file a short, plain statement of the claim showing he is entitled to relief, nor did he comply with the Order relegating him to no more than twenty (20) pages in length. Instead, he filed a fifty-one page document of incoherent and unintelligible allegations which lack sufficient factual allegations to support the relief sought.

The Court has carefully reviewed Plaintiff's complaint but fails to identify factual allegations that could plausibly support any cause of action over which this Court may have jurisdiction. Although as a pro se party Plaintiff is entitled to a liberal construction of his complaint, the duty to present theories to the Court under which he may be entitled to relief lies with Plaintiff, and it is not the Court's responsibility to search for legal theories on Plaintiff's behalf. *Pak v. Recio*, 2016 U.S. Dist. LEXIS 113935 (E.D. Tex., July 21, 2016) (citing *Jason v. Baptist Hosp.*, 872 F. Supp. 1575, 1580 (E.D. Tex. 1994); *Haines v. Kerner*, 92 S. Ct. 594 (1972)).

### III.
#### CONCLUSION

Plaintiff was given the opportunity to amend his complaint. He was ordered to provide a short and plain statement to the Court setting forth jurisdictional grounds and short and plain statement of the claim showing that he is entitled to relief. He has failed to do that.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and pursuant to Federal Rule of Civil Procedure 8(a)(1) and (2).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Serve (doc. 45) is **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 27th day of July, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE